UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GURINDER JOHAL personal representative of the Estate of Amarjeet Johal, *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> SECURITAS SECURITY SERVICES USA, INC., *et al.*, <br><br>  Defendants. | No. 1:22-cv-00716-JRS-MG |
| GURINDER SIGNH BAINS, personal representative of the Estate of Jaswinder Singh, deceased, *et al.*, <br><br>  Plaintiffs. <br><br> v. <br><br> SECURITAS SECURITY SERVICES USA, INC., <br><br>  Defendant. | No. 1:23-cv-00637-MPB-MJD |

**ORDER**

Pending before the Court is Defendant's Motion to Consolidate. [Filing No. 109.] For the following reasons, the motion is **GRANTED**.

**I.**
**BACKGROUND**

On April 11, 2022, on behalf of various deceased, Plaintiffs in *Johal et al. v. Securitas Security Services USA, Inc.* ("*Johal*") filed the instant case with claims for wrongful death of five FedEx shooting victims, alleging Defendants were negligent in providing, in part, security services at the FedEx Ground Package Facility where the shooting occurred. [Filing No. 1.]

A similar lawsuit, Case No. 1:23-cv-637, *Gurinder Singh Bains, et al. v. Securitas Security Services USA, Inc.* ("*Bains*") was filed in this district on April 13, 2023, where a different set of Plaintiffs, on behalf of a single deceased, filed a new action asserting the same wrongful death claims as those asserted by the Plaintiffs in this case against the same Defendant. [*See* 1:23-cv-637 at Filing No. 1.]

On June 9, 2023, *Securitas* Defendant filed the instant motion requesting that this matter be consolidated with *Bains*, for all purposes, indicating counsel for Plaintiff does not object to consolidation. [Filing No. 109.][1]

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Consolidation is permitted as a matter of convenience and economy for both parties and the Court. *Hall v. Hall*, 138 S. Ct. 1118, 1126 (2018). "By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999). From the Court's review of the record and given the factual and legal overlap between the two cases, the Court finds that consolidation is appropriate.

## II.
### CONCLUSION

Plaintiffs' Motion to Consolidate this case and 1:23-cv-637, [109], is **GRANTED.**

Accordingly, the Court consolidates the cases as follows:

---

[1] This Court recently ordered that another similar lawsuit, Case No. 1:23-cv-151, *Blackwell et al. v. Securitas Security Services USA, Inc.,* be consolidated with *Johal*, however at the time of the filing of that Motion to Consolidate, the *Bains* lawsuit had yet to be filed. [*See* Filing No. 93; Filing No. 102.]

- The action pending as Case No. 1:23-cv-637 is **CONSOLIDATED** with the action pending as Case No. 1:22-cv-716. All further proceedings in these consolidated matters will occur in Case No. 1:22-cv-716.

- To eliminate the confusion of having two operative complaints, Plaintiffs are **ORDERED** to file a Consolidated Complaint in *Johal* within **fifteen (15) days.**

- The Clerk is **DIRECTED** to close Case No. 1:23-cv-637. No final judgment will issue in that case.

- The Clerk is **DIRECTED** to docket a copy of this Order in Case No. 1:23-cv-637.

Date: 7/11/2023

_____
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**